IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENZIE LECAREY NELSON, #1807451,   )<br>           Petitioner,           )<br>vs.                                )  No. 3:22-CV-2725-M (BH)<br>                                   )<br>DIRECTOR, Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>           Respondent.           )  Referred to U.S. Magistrate Judge[1] | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, this habeas case should be dismissed without prejudice for failure to prosecute or follow an order of the court.

### I.  BACKGROUND

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 on the standard form, which was received on December 6, 2022. (*See* doc. 3.) The standard form specifically states that failure to notify the court of a change of address could result in the dismissal of the case. (*See id.* at 2.) By *Notice of Deficiency and Order* dated December 8, 2022, the petitioner was notified that he had not paid the $5.00 filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.) The order specifically advised the petitioner that he must either pay the filing fee or file an IFP application within 30 days, and that a failure to do so could result in the dismissal of his case. (*Id.*) Attached to the order was an IFP application. (*See id.*) The notice and application were mailed to the address provided by the petitioner. (*See id.*)

On January 4, 2023, a copy of an inmate request for withdrawal of the filing fee from the petitioner's inmate trust fund account was received. (*See* doc. 5.) By *Second Notice of Deficiency*

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

*and Order* dated January 23, 2023, the petitioner was notified that he had still not paid the $5.00 filing fee or submitted an IFP application. (*See* doc. 4.) Attached to the order was an IFP application. (*See id.*) The notice and application were mailed to the address provided by the petitioner. (*See id.*)

On January 31, 2023, the initial mailing to the petitioner with instructions for pro se litigants was returned and marked "Not deliverable as Addressed Unable to Forward". (*See* doc. 7.) Both notices of deficiency were also returned as undeliverable on February 14 and February 23, 2022, respectively. (*See* docs. 8, 9.) The petitioner has not filed any notice of a change of address. More than thirty days from the date of the second notice have passed, but the petitioner has still not paid the filing fee, filed an IFP application, or filed anything else in this case, and mailings to the address he provided have been returned as undeliverable.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The petitioner failed to provide any notice of his change in address, and court orders have been returned as undeliverable. He has failed to comply with the order that he either pay the filing fee or submit an IFP application within 30 days despite a warning that failure to do so could result in dismissal of the case, and he has not filed anything else in the case. Because the petitioner has provided no means to contact him and failed to follow court orders or otherwise show that he intends to proceed with this case, it should be dismissed under Rule

2

41(b) for failure to prosecute or follow orders.

### III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless the petitioner either pays the filing fee or files an IFP application within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 14th day of March, 2023.**

*(signed)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*(signed)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4